### DISREGARD OF EVIDENCE AS TO INJURY NOT AVERRED.

Circuit Court of Cuyahoga County.

THE CLEVELAND ELECTRIC RAILWAY CO. v. JOHN STANTON.*

Decided, December 22, 1905.

*What is Sufficient Charge to Disregard Evidence.*

Where evidence has been introduced concerning an injury not averred in the petition, and counsel for plaintiff subsequently asked the court to instruct the jury to disregard any claim made upon account of that particular injury, whereupon the court said to the jury: "Very well, gentlemen, counsel for plaintiff requests that the testimony regarding plaintiff's deafness be withdrawn from your consideration," it is a sufficient charge to disregard.

*Squire, Sanders & Dempsey,* for plaintiff in error.
*Hart, Canfield & Canfield,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was a personal injury damage case in which the verdict was returned for the plaintiff.

The errors complained of have required an examination as to rulings on evidence, the weight of the evidence and the charge.

Only one ruling on evidence has been called to our attention. The court allowed the plaintiff to testify, over the objection of the defendant, that the plaintiff's hearing was affected.  Subsequently counsel for plaintiff requested the court to instruct the jury to disregard any claim made on account of deafness, whereupon the court said to the jury: "Very well, gentlemen,

---

*Affirmed without opinion, *Cleveland Electric Railway Co.* v. *Stanton,* 75 Ohio State, 568.

counsel for plaintiff requests that the testimony regarding Stanton's deafness be withdrawn from your consideration.''

It is claimed that evidence as to deafness was not admissible under the petition in which it is alleged:

"Plaintiff says that said car started suddenly, and with a severe jerk and threw him off said car, injuring his hip and head, and injuring him all over his body.  Plaintiff says that he was then taken to a hospital where he remained about three months and that ever since said injury has been under the constant care of a surgeon, and has not fully recovered from the injury to his hip, and that he is still lame and compelled to use crutches; and that by reason of said injuries received, the injury to his hip will be permanent.''

Doubtless under the allegation that plaintiff's head was injured, he might prove injury to an organ thereof, to-wit, his ear.  Perhaps, as the only permanent injury complained of was his hip, he might not be permitted to show a permanent injury to his ear, resulting in deafness, if he claimed that the deafness was permanent.  However, we think the request of his counsel, stated loosely to the jury by the trial judge, as it was, still amounted to taking from the jury all consideration of the question of deafness, and there is no suggestion made that the verdict was excessive; and its smallness, $600, leads us to believe that the jury did not include in it any compensation for the deafness of which they had heard.

As to the weight of the evidence, there is some conflict in it, such as we find in most personal injury cases; plaintiff claimed that as the car on which he was riding slowed up at the crossing of Ridge avenue on Lorain street, he went upon the back platform of the car for the purpose of alighting from it when it came to a full stop.  He had a dinner pail in one hand and a shovel in the other; he says that passengers got on at Ridge avenue, and before the car fully stopped and before he had time to alight, it started suddenly and with a severe jerk threw him from the platform to the ground.

Defendant claimed that plaintiff attempted to alight from the car while it was in motion, and did so in such a stupid manner that he was thrown to the ground by reason of his own negli-

gence. This issue of fact was clearly made and exhaustively presented to the jury; they found for the plaintiff and we think the record exhibits sufficient evidence tending to prove the plaintiff's claim to warrant such finding and that it would be improper for this court to say that the verdict was clearly against the weight of the evidence.

It is said that the charge was erroneous in one paragraph quoted in plaintiff in error's brief, in which it is claimed that the trial judge assumed that the car had slowed down and was suddenly started up. We think this paragraph of the charge should be considered in connection with the balance of the charge on the same subject which immediately precedes it and, when so considered, the charge appears to us to be without fault. The criticism of the one paragraph referred to is hardly fair; the court, just before using the language complained of, had said:

"The allegations of negligence upon which this action is based, as I have already stated, is the sudden starting of the car at or near Ridge avenue, and that this sudden starting came after the car had slowed down and plaintiff had taken a position near the steps upon the rear platform of its car for the purpose of alighting therefrom when it came to a stop.   *   *   * I may say to you that if you find from the evidence that Stanton was not thrown from the car in this manner, that there can be no recovery in this action for him, and your verdict shall be for the defendant."

We find no prejudicial errors in the record, and the judgment is affirmed.